GEORGE S. WILKES, Appellant, *against* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Respondents.

(Decided June 3d, 1878.)

An order of the Supreme Court in a proceeding for that purpose vacating an assess-
ment on a lot in the city of New York, on the ground that the assessment was

Wilkes v. The Mayor, Aldermen and Commonalty of the City of N--w ʼ...

illegal and void, on account of the failure to observe certain statutory prerequi-sites, does not affect the assessment as to any lots except those mentioned in the order.

Nor can the owner of another lot upon which such assessment has been laid, and who has paid to the city the sum against his lot under such assessment, recover it back from the city simply on the ground that the facts in said action are the same as adjudicated upon in said order, except as to the identity of lots.

APPEAL from a judgment rendered for the defendant at a trial of the cause by the court at special term.

The facts are stated in the opinion.

*George S. Wilkes*, appellant in person.

*William C. Whitney* and *Charles P. Miller*, for respondents.

LARREMORE, J.—A careful examination of this case confirms the impression expressed upon the argument that the judgment should be affirmed.

The plaintiff seeks to recover moneys paid by his assignor upon an assessment which, as to the property he represents, has not been vacated or set aside. Proof was offered and admitted of the vacation of the assessment as to other property affected by it, and plaintiff insists that such adjudication inures to his benefit. The decision of the Court of Appeals, in the *Matter of Delancey* (52 N. Y. 80), is adverse to this view. Chief Justice Church says: "The order in such a case does not purport to vacate the assessment upon any other lands. The party *aggrieved* can only apply to vacate, and the order cannot affect any other party, or the lands of any other."

Upon this authority we must hold that as to plaintiff's property, the assessment has never been vacated. Until this is done he has no legal status. (*Peyser* v. *The Mayor, &c.,* Daily Register, Oct. 8th, 1877.)

We have examined all the authorities cited, but find none differing in principle from the cases above mentioned.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed.*

* The judgment here was affirmed by the Court of Appeals Dec. 16th, 1879.